ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2016 JUN 21  PM 3:41

CLERK OF COURT

UNITED STATES OF AMERICA

v.                                                    No. 4:16-CR-032-A

H WAYNE MCMULLEN (01)

## SENTENCING MEMORANDUM REGARDING THE ISSUANCE OF A FINAL JUDGMENT

TO THE HONORABLE JOHN McBRYDE, UNITED STATES DISTRICT JUDGE:

The United States of America, by and through her Assistant United States Attorney, files this Sentencing Memorandum regarding the issuance of a final judgment and would respectfully show this Court as follows:

### I.    Issues Presented

During the sentencing hearing of defendant H Wayne McMullen, the Court granted the government's motion to bifurcate the hearing to permit a later presentation of restitution evidence.   The Court also ordered briefing on the following subjects:

1. Must the Court wait until resolution of the restitution issue before entering its judgment; and

2. When does the notice of appeal begin to run?

### II.    Summary Response

The Fifth Circuit does not appear to have addressed the specific questions raised by this Court; however, other circuits have held that where a trial court imposes a sentence of incarceration and leaves open the issue of restitution, the initial judgment is

"final" for purposes of appeal.   A subsequent order of restitution, if any, is also a "final," appealable order from which a defendant may later appeal.

Because a sentence of incarceration is subject to immediate appeal, the Court should issue its initial judgment following sentencing, stating that the matter of restitution is pending.   The Court may then issue an amended judgment imposing a restitution order.   In both instances, the defendant must file its notice of appeal within 14 days after the later of the entry of the judgment or the order being appealed.

### III.   Procedural History

On February 10, 2016, H Wayne McMullen was charged by Information with one count of Possession of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).   He entered a plea of guilty on February 26, 2016, following which he was taken into custody.   McMullen appeared before this Court for sentencing on June 17, 2016.   At the hearing, the Court sentenced McMullen to incarceration for a period of 85 months and a term of supervised release of five years.   The Court further assessed a fine of $1,000 in addition to mandatory special assessment fees of $100 and $5,000, respectively.

The Court also granted the government's motion to bifurcate the sentencing hearing to permit the presentation of evidence regarding restitution.   That hearing is scheduled for July 21, 2016, unless the parties agree to a restitution figure prior to July 18, 2016.

## IV. Argument and Authority

Other than instances of direct review by the Supreme Court, appellate courts have jurisdiction over appeals from all "final decisions" of the district courts of the United States. 18 U.S.C. § 1291. Federal Appellate Procedure Rule 4 provides, in part,

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed.
> * * *
> A notice of appeal filed after the court announces a decision, sentence, or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.

FED. R. APP. P. 4(b)(1) & (2).

Thus the question at issue here is whether a judgment with a pending restitution order constitutes a "final decision." Several circuits to consider this question have responded affirmatively.

In *United States v. Tulsiram*, a defendant was sentenced to a period of incarceration for multiple child exploitation convictions to include production, distribution and possession of child pornography. 815 F.3d 114, 116 (2d Cir. 2016). A week after the sentencing hearing, the trial court issued a judgment, which also deferred the restitution amount for a period within 90 days; however, no restitution order or amended judgment was ever issued. 815 F.3d at 116-17. The defendant timely filed his notice of appeal, and the appellate court requested briefing on whether the district court's judgment was appealable. 815 F.3d at 117.

The Second Circuit concluded affirmatively-- that where a sentence of incarceration was imposed with pending post-conviction proceedings regarding restitution, the judgment of conviction was "final" for purposes of 28 U.S.C. § 1291. 815 F.3d at 119.   The appellate court also held that a defendant could appeal the initial sentence immediately or wait until all aspects, which would include any subsequent restitution orders, have been determined.   815 F.3d at 119.

In arriving at its decision, the Second Circuit relied on Supreme Court dicta in *Dolan v. United States*, 560 U.S. 605, 618 (2010) as well as the Ninth and Eleventh Circuits, which had addressed similar issues post-*Dolan*.   In *Dolan*, following a sentencing hearing, a federal district court sentenced Brian Dolan to a term of imprisonment and a term of supervised release; the trial court further stated at the hearing that the issue of restitution would be left "open, pending the receipt of additional information." 560 U.S. at 608.   The court entered a judgment several days later, indicating that restitution was mandatory but that none was ordered at that time because information regarding restitution payments had not yet been received. 560 U.S. at 608.

The issue in *Dolan*, however, concerned a restitution order that did occur, but after the expiration of 90-days post-sentencing, as contemplated by 18 U.S.C.§ 3664, and the issue for the Supreme Court was whether a district court retained jurisdiction to decide restitution matters after the expiration of 90 days. 560 U.S. at 608.   Holding that the district court did have authority to decide the restitution issue out of time, the Supreme Court discussed, in dicta, issues relating to the finality of judgments and their

appeal-ability. The Court suggested that an initial judgment was appealable, such as the one issued by the district court, regardless of the delay in issuance of the restitution amount. 560 U.S. at 617-18. The Supreme Court also went on to explain that, as a term of imprisonment is a "final judgment" pursuant to 18 U.S.C. § 3582(b), so, too, would be a subsequent order of restitution pursuant to 18 U.S.C. § 3664(o). Thus, a defendant could choose to appeal both the initial judgment and a subsequent restitution order; an appellate court could consolidate the two appeals and decide them together. 560 U.S. 618.

Similarly, the Eleventh Circuit held that a judgment leaving open the issue of restitution was final for appellate purposes. *United States v. Muzio*, 757 F.3d 1243 (11th Cir. 2014). There the appellate court concluded that a judgment imposing a sentence of incarceration was immediately appealable. 757 F.3d at 1250. The court also stated that if a subsequent order is issued regarding restitution, a defendant may separately appeal that order, and each appeal may be heard separately or consolidated if the initial appeal had not yet been resolved. *Id.* The court noted that, based on *Dolan*, a defendant could also choose to wait until the restitution issue was resolved before filing an appeal. *Id.*

## V. Conclusion

In conclusion, the government submits that the Court should enter a judgment identifying the Court's order as to the length of incarceration, term of supervised release, and fines but leaving open the issue of restitution.

**Sentencing Memorandum Regarding Final Judgment - Page 5**

After the issue of restitution is decided, the Court can amend the judgment to include the

amount of restitution.   The defendant may appeal either or both the initial judgment or

amended judgment but must comply with timely notice to the Court according to the

Federal Rules of Appellate Procedure.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile:   817.252.5455
Email: aisha.saleem@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2016, the foregoing Government's Motion Memorandum was served by first class mail to Reed Prospere, counsel for defendant, at 8111 Preston Road, Suite 500, Dallas, Texas 75225 and to Marlo Cadeddu at 3232 McKinney Ave., Suite 700, Dallas, Texas 75204.

AISHA SALEEM
Assistant United States Attorney

**Sentencing Memorandum Regarding Final Judgment - Page 6**