U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 22 2016

CLERK, U.S. DISTRICT COURT
By _____
  Deputy

# United States District Court
### Northern District of Texas
### Fort Worth Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:16-CR-032-A(01) |
| H WAYNE MCMULLEN | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney Aisha Saleem. The defendant, H WAYNE MCMULLEN, was represented by Marlo P. Cadeddu and Reed W. Prospere.

The defendant pleaded guilty on February 26, 2016 to the one count information filed on February 10, 2016. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of such count involving the following offense:

| Title & Section / Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)<br>Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct | 10/30/2015 | 1 |

As pronounced and imposed on June 17, 2016, the defendant is sentenced as provided in this judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $100.00.

Having determined and found that defendant is a non-indigent person who has been convicted of an offense listed in 18 U.S.C. § 3014(a), the court further ORDERS that defendant pay a special assessment of $5,000 as contemplated by 18 U.S.C. § 3014(a), which shall be paid immediately after defendant has satisfied the $1,000 fine obligation ordered by this judgment and whatever restitution defendant is ordered to pay by a later issued judgment as to restitution, which special assessment payment is to be made to the clerk of court for disbursement as contemplated by 18 U.S.C. § 3014.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 85 months.

The court recommends to the Bureau of Prisons that defendant be allowed to participate in the Institution Residential Drug Abuse Treatment Program. The Bureau of Prisons to notify the court if the defendant cannot participate in the Institution Residential Drug Abuse Treatment Program, and is to give the court an explanation of why the defendant cannot participate.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years and that while on supervised release, the defendant shall comply with the following conditions:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not possess illegal controlled substances.

3. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4. The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

5. The defendant shall participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered at the rate of at least $25 per month.

6. The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered at a rate of at least $25 per month.

7. The defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered at the rate of at least $25 per month.

8. The defendant shall register as a sex offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry.

9. The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties, with the exception of the defendant's own children. The defendant's contact with his children will be limited to occasions when the probation officer is informed in advance of the defendant's intent to have that contact and the probation officer approves it. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer.

10. The defendant shall neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use.

11. The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name designation, or an alias, and shall not use or own any device that allows Internet access, other than as authorized by the probation officer. This includes, but is not limited to, PDA's, electronic games, and cellular/digital telephones.

12. The defendant shall not access any service or use any software that allows for direct peer to peer contact, that may include chat rooms, file sharing or file transfer protocol activity, or other similar activity, without permission from the probation officer.

13. The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer/computers. The monitoring may include the installation of hardware or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision.

14. The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

15. The defendant shall not use any software program or device designed to hide, alter, or delete records or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

16. The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

## Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district where the defendant is being supervised without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his or her dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court further orders defendant shall pay a fine in the amount of $1,000. The fine includes any cost of incarceration and/or supervision. This amount is the total of the fine(s) imposed on Count(s) 1 of the Information. The fine is payable immediately. All fine payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, TX 76102.

## RESTITUTION

The court granted the government's motion to conduct a separate hearing, at a later date, on the issue of the amount of restitution, if any, to order defendant to pay to a victim of his criminal conduct. Therefore, the court is not ordering restitution in this judgment, but will be issuing a later judgment on the subject of restitution.

## FORFEITURE

In accordance with 18 U.S.C. § 2253(a), the defendant shall forfeit to the United States one Seagate Agent GO external hard drive seized from the defendant's business in Grapevine, Texas, on October 30, 2015.

STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the 22nd day of June, 2016.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____
_____

Defendant delivered on _____, 2016 to _____
at _____, with a certified copy of this Judgment.

                        United States Marshal for the
                        Northern District of Texas

                        By _____
                             Deputy United States Marshal